UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTWAREN ROBERTS,<br><br>　　　　　Petitioner,<br><br>　v.<br><br>KATHLEEN ALLISON,<br><br>　　　　　Respondent. | Case No.: 3:22-cv-00251-LL-BGS<br><br>**ORDER DISMISSING CASE WITHOUT PREJUDICE AND DENYING MOTION FOR APPOINTMENT OF COUNSEL WITHOUT PREJUDICE [ECF No. 2]** |

　　　　Petitioner, a state prisoner proceeding *pro se*,[1] has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.  ECF No. 1.  However, Petitioner has failed to pay the $5.00 filing fee and/or move to proceed *in forma pauperis*.  Because this Court cannot proceed until Petitioner has either paid the $5.00 filing fee or qualified to proceed *in forma pauperis*, the instant habeas action is subject to dismissal without prejudice.  *See* Rule 3(a), 28 U.S.C. § 2254.

　　　　Petitioner has also filed a request for the appointment of counsel to represent him in

---

[1] 　　In reviewing Petitioner's Petition, the Court is mindful that "[a] document filed *pro se* is to be liberally construed … and a *pro se* [pleading], however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted).

his federal habeas corpus proceeding. ECF No. 2. District courts have statutory authority to appoint counsel in a federal habeas case when a petitioner is financially eligible and "the court determines that the interests of justice so require." *See* 18 U.S.C. §3006A(a)(2)(b). However, the Ninth Circuit has held that "[i]ndigent state prisoners applying for habeas corpus relief are not entitled to appointed counsel unless the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations." *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986) (citations omitted).

Petitioner asserts he "does not have the financial resources to retain counsel," ECF No. 2 at 2, but the declaration/exhibit cited in support of this contention does not provide any financial information other than again generally claiming indigency and stating: "I am without the funds necessary to retain counsel to assist me in this matter." ECF No. 1-7 at 2. Nor has Petitioner made a request to proceed *in forma pauperis* in the instant action. Given the absence of any evidence demonstrating his indigency, Petitioner fails to show he is financially eligible for appointed counsel. As such, the Court **DENIES** the motion for appointment of counsel without prejudice to renewing this request at a later time.

## CONCLUSION AND ORDER

For the reasons discussed above, the Court **DISMISSES** the case without prejudice for failure to satisfy the filing fee requirement and **DENIES** Petitioner's motion for appointment of counsel [ECF No. 2] without prejudice. If Petitioner wishes to proceed with this case, he must submit, **no later than April 26, 2022**, a copy of this Order with the $5.00 fee or adequate proof of his inability to pay the fee. The Clerk of Court shall send a blank Southern District of California *In Forma Pauperis* Application to Petitioner along with a copy of this Order.

**IT IS SO ORDERED.**

DATED:    March 9, 2022

**HON. LINDA LOPEZ**
United States District Judge