UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTWAREN ROBERTS,<br><br>                       Petitioner,<br><br>v.<br><br>KATHLEEN ALLISON,<br><br>                       Respondent. | Case No.: 22cv251-LL-BGS<br><br>**ORDER:**<br>   **(1) ADOPTING REPORT AND RECOMMENDATION;**<br><br>   **(2) OVERRULING OBJECTION [ECF NO. 12];**<br><br>   **(3) GRANTING RESPONDENT'S MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS [ECF NO. 9];**<br><br>   **(4) DENYING MOTION FOR RECONSIDERATION OF PETITIONER'S REQUEST FOR THE APPOINTMENT OF COUNSEL [ECF NO. 13]; and**<br><br>   **(5) DENYING CERTIFICATE OF APPEALABILITY** |

Petitioner Antwaren Roberts is a state prisoner proceeding pro se and in forma pauperis with a Petition for a Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254. ECF No. 1. Petitioner challenges his 2014 conviction from the San Diego County Superior Court of willful, deliberate, and premeditated attempted murder, assault with a semi-automatic firearm, and possession of a firearm by a felon for which he was sentenced to a determinate term of five (5) years in state prison and a consecutive term of forty (40) years to life. ECF No. 1-4 at 2-3; *see also* ECF No. 10-2 at 230-232, 248-250.

On July 15, 2022, Respondent filed a Motion to Dismiss the Petition for Writ of Habeas Corpus. ECF No. 9. Respondent argues the Petition is barred by the Antiterrorism and Effective Death Penalty Act ("AEDPA") of 1996's one-year statute of limitations. *Id.* Petitioner did not file a response in opposition to the Motion to Dismiss. *See* Docket. On September 15, 2022, Magistrate Judge Bernard G. Skomal issued a Report and Recommendation ("R&R") addressing the motion and recommending this Court grant Respondent's Motion to Dismiss. ECF No. 11. Petitioner timely filed an Objection to the R&R (ECF No. 12), and a Motion for Reconsideration of his Request for Appointment of Counsel (ECF No. 13).

The Magistrate Judge recommends granting Respondent's Motion to Dismiss and dismissing this action because the Petitioner filed his Petition after the one-year statute of limitations set forth in the AEDPA and he is not entitled to any statutory or equitable tolling. *Id.* Specifically, the Magistrate Judge recommends granting the Motion to Dismiss the Petition because:

> [T]he Petition is not timely under 28 U.S.C. § 2244(d)(1). As discussed above, statutory tolling does not render the Petition timely, as Petitioner's state habeas petitions were filed after the statute of limitations had expired, and Petitioner has not met the heavy burden to prove he is entitled to equitable tolling. Further, Petitioner did not claim to fall within the miscarriage of justice exception. Thus, the Petition is barred as untimely under AEDPA's statute of limitations and must be dismissed.

ECF No. 11 at 22. After careful consideration of the pleadings and relevant exhibits submitted and for the reasons set forth below, this Court **ADOPTS** the Magistrate Judge's R&R, **OVERRULES** the Objection, and **GRANTS** Respondent's Motion to Dismiss.

## I.   LEGAL STANDARD

The Court has reviewed the R&R pursuant to 28 U.S.C. § 636(b)(1), which provides that: "A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

## II.   DISCUSSION

In Petitioner's Objection he does not present new argument or evidence, but instead "objects on the basis of his previously filed declaration, which lays out most, but not all, of the reasoning behind petitioner's inability to effective[ly] pursue his habeas claims." ECF No. 12 at 2. The Magistrate Judge thoroughly addresses these arguments in the R&R. Petitioner also "request[s] that the record be fully developed at an evidentiary hearing so that the court can determine the true facts regarding petitioner's extraordinary circumstances that were beyond his control and which have hindered his ability to meet his statutory filing deadlines." *Id.* at 2-3.

The Court agrees with the Magistrate Judge that the instant Petition is subject to AEDPA, which provides a one-year statute of limitations for filing a habeas corpus petition in federal court under 28 U.S.C. § 2244(d)(1). In Petitioner's case, the statute of limitations period would have expired on March 10, 2019, and Petitioner did not constructively file his federal Petition until February 22, 2022. *See Patterson v. Stewart*, 251 F.3d 1243, 1245-46 (9th Cir. 2001); *see also* ECF No. 1. Additionally, the Court agrees with the R&R that Petitioner is not entitled to statutory tolling. As evidenced by the record, Petitioner filed his state habeas corpus petition in the San Diego County Superior Court on March 10, 2021, and the California Court of Appeal on July 2, 2021; both dates are after the expiration of the one-year statute of limitations period. *Ferguson v. Palmateer*, 321 F.3d 820, 823

(9th Cir. 2003) ("Section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed").

The Court also agrees with the R&R that Petitioner is not entitled to equitable tolling, and therefore his Petition is untimely. Specifically, Petitioner's arguments and evidence presented regarding his lack of legal property were insufficient to establish the extraordinary circumstances required for entitlement to equitable tolling. Similarly, Petitioner's argument that the COVID-19 pandemic prevented him from timely filing his petition also fails to establish an extraordinary circumstance required for entitlement to equitable tolling because the pandemic began approximately one year after the statute of limitations expired on March 10, 2019, and therefore could not have prevented Petitioner from accessing the law library. Additionally, Petitioner's claim that his lack of knowledge of the law and legal processes and reliance on inmate assistance in preparing his court documents do not, by themselves, constitute an extraordinary circumstance. *See Ford. v. Pliler*, 590 F.3d 782, 789 (9th Cir. 2009); *see also Baker v. California Dept. of Corr.*, 484 Fed. Appx. 130, 131 (9th Cir. 2012). Based on the evidence in the record, the Court agrees with the recommendation that Petitioner is not entitled to any equitable tolling. Petitioner failed to meet his burden of establishing that his failure to timely file the Petition was the result of extraordinary circumstances beyond his control and that he had pursued his rights diligently. ECF No. 11.

For these reasons, the Court agrees that the Petition is not timely under 28 U.S.C. § 2244(d)(1) and must be dismissed. The Court **ADOPTS** the Magistrate Judge's R&R, **OVERRULES** the Objection, and **GRANTS** Respondent's Motion to Dismiss.

### A. Evidentiary Hearing

In his Objection, Petitioner requests an evidentiary hearing for "the record [to] be fully developed." ECF No. 12 at 2-3. Title 28 U.S.C. section 2254(e) "substantially restricts the district court's discretion to grant an evidentiary hearing." *Baja v. Ducharme*, 187 F.3d 1075, 1077 (9th Cir. 1999). Section 2254(e)(2) provides:

> If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that –
>
> (A) the claim relies on –
>
>     (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>     (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
>
> (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2254(e)(2). Here, Petitioner fails to show that his claim relies on a new rule of constitutional law, a factual predicate that could not have been previously discovered, or that the facts underlying the claim sufficiently establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found him guilty. Accordingly, the Court finds Petitioner's evidentiary hearing objection request is without merit and there is a sufficient basis in the record to resolve Petitioner's claims. *See Insyxiengmay v. Morgan*, 403 F.3d 657, 669-70 (9th Cir. 2005).

### B. Motion for Reconsideration of Motion to Appoint Counsel

Petitioner renewed his request for the appointment of counsel "because his difficulty in pursuing his habeas petition has only increased since the filing of the original motion." ECF No. 13 at 2-3. Petitioner contends that "the procedural posture of the instant proceedings present several complex issues far beyond the petitioner's ability to truly comprehend and move forward in trying to vindicate his federal constitutional rights, including, but not limited to issues regarding the Anti Terrorism and Effective Death Penalty Act (AEDPA), issues regarding equitable tolling, possible procedural default, as well as establishing cause and prejudice for any alleged defaults." *Id.* at 3.

There is no constitutional right to appointed counsel for a federal habeas corpus proceeding. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Bonin v. Vasquez*, 999 F.2d

425, 428 (9th Cir. 1993). The decision to appoint counsel is generally discretionary. *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir. 1984). Petitioner has not demonstrated that he is incapable of presenting his claims in this litigation. The claims in this action are not overly complex, and the appointment of counsel is not justified in this instance. The motion for reconsideration is hereby **DENIED**.

### C. Certificate of Appealability

When a district court enters a final order adverse to the petitioner in a habeas proceeding, it must either issue or deny a certificate of appealability, which is required to appeal a final order in a habeas proceeding. 28 U.S.C. 2253(c)(1)(A). A certificate of appealability is appropriate only where the petitioner makes "a substantial showing of the denial of a constitutional right." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). Under this standard, the petitioner must demonstrate that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further. 28 U.S.C. § 2253; *Slack v. McDaniel*, 529 U.S. 473, 474 (2000). Here, the Court finds that reasonable jurists could not debate whether the petition should have been resolved differently and thus **DECLINES** to issue a certificate of appealability.

The Clerk of Court is **DIRECTED** to close the case.

### III. CONCLUSION

The Court has conducted a de novo review of the pertinent portions of the record with respect to Petitioner's Objection and has also considered the relevant papers submitted by both parties. For the reasons set forth above, **IT IS HEREBY ORDERED**:

(1) The R&R is **ADOPTED** in full;
(2) Petitioner's Objections are **OVERRULED**;
(3) Respondent's Motion to Dismiss is **GRANTED**;
(4) The Petition for Writ of Habeas Corpus [ECF No. 1] is **DISMISSED WITH PREJUDICE**;

(5) Motion for Reconsideration of Petitioner's Request for the Appointment of Counsel is **DENIED**;

(6) The Court **DECLINES** to issue a certificate of appealability.

Dated: March 7, 2023

_____
Honorable Linda Lopez
United States District Judge